Patrick v. Leach.

MATTHEWSON T. PATRICK, PLAINTIFF IN ERROR, V. DAVID W. LEACH, DEFENDANT IN ERROR.

1. **Warranty.** To constitute a warranty, it is not necessary that the word "warrant" should be used. It is sufficient if the language used by the vendor amounts to an undertaking that the goods were as represented.

2. ————. A mere expression of opinion or belief, a bare affirmation, not intended or understood as a representation of the quality or character of goods, does not amount to a warranty.

3. **Fraud:** DAMAGES. In an action for damages on the ground of fraud, the degree of proof required to establish the fraud is merely a clear preponderance of the evidence.

4 **Warranty:** FRAUD: DAMAGES. In an action for damages on the grounds of warranty and fraud the jury returned a verdict for $18,323.43 for the plaintiff. The testimony being all before the court, and it being clear that the plaintiff was entitled to recover, but that the damages were excessive, thereupon the court, upon a careful computation, found there was due the plaintiff the sum of $2,500. The judgment was thereupon affirmed upon condition that the plaintiff remit from the judgment the sum of $5,823.43, otherwise that the judgment be reversed.

ERROR from the district court for Douglas county. The opinion states the case.

*George W. Doane* and *J. M. Woolworth,* for plaintiff in error.

1. To direct a jury simply that "any distinct assertion or affirmation of quality intended to cause the sale and operative thereto, implies a warranty," without more definite explanation of the nature of the assertion or affirmation, is too broad. And the mischief was not counteracted by the previous general statement on the point of "naked praise." *Hart v. Wright,* 17 Wend., 267. *Salisbury v. Stainer,* 19 Ib., 159. *Byrne v. Jansen,* 50 Cal., 624. *Jackson v. Witherell,* 7 S. & R., 480. *Mc-*

*Farlan v. Newman,* 9 Watts, 56. *Tewkesbury v. Bennett,* 31 Iowa, 83. *Hopkins v. Tanqueray,* 15 C. B., 130. *Hyatt v. Boyle,* 5 Gill. & J., 110.

2. So, too, the proof failed to establish a warranty, because, although there may have been assertions and affirmations of quality, made with the intention of ·inducing the sale and operative thereto, it did not appear that Leach understood the language used as a warranty and relied upon it as such. Whether he did or not was a question which should have been submitted to the jury, but which was by the force of the instructions withdrawn from their consideration. There is a wide difference between a representation, however positive, made with the intention of and operative in inducing the sale, and a statement upon which entire reliance is placed, which alone constitutes a warranty. *Oneida Manufacturing Society v. Lawrence,* 4 Cow., 440. *Hawkins v. Pemberton,* 57 N. Y., 198. *Baker v. Henderson,* 24 Wis., 509. *Ender v. Scott,* 11 Ill., 35. *Humphreys v. Comline,* 8 Blackf., 516. *House v. Fort,* 4 Ib., 293. *McGrew v. Forsythe,* 31 Iowa, 179.

3. The proof showed incontestably that Patrick offered Leach the fullest opportunity to examine the goods, and charged him to act upon his own judgment. The charge ignored that element of the case, and was, for that reason, erroneous. *Hargous v. Stone,* 5 N. Y., 73. *Whittaker v. Eastwick,* 75 Pa. St., 228. *Carnochan v. Gould,* 1 Bailey, 179. *Wood v. Ashe,* 1 Strob., 407.

4. The charge on the subject of fraud was erroneous. The charge did not properly direct the jury in respect of that license which the law allows to a seller in commending his property and thereby inducing the sale. This was the more prejudicial because in the instructions on the other branch of the case this had, to a degree—although to an insufficient degree—been done; and also, and especially, because, without sub-

mitting to the jury the question of the nature of the commendations, it attributed to some expressions an effect which was not justified by the law. *Davis v. Meeker*, 5 Johns, 354. *Pickard v. McCormick*, 11 Mich., 78. *Bishop v. Small*, 63 Me., 12. *Frensel v. Miller*, 37 Ind., 1. *Marsh v. Falker*, 40 N. Y., 562. *Hubbel v. Meigs*, 55 Ib., 480. *Hargous v. Stone*, 5 Ib., 73. *Andrews v. Stone*, 6 Cow., 354.

*J. C. Cowin* and *John D. Howe*, for defendant in error.

I.   Upon the subject of warranty we submit the following points and authorities:

1.   It is enough if the words actually used import an undertaking on the part of the owner that the chattel is what it is represented to be; or equivalent to such undertaking. 1 Parsons Cont., 580. *Osgood v. Lewis*, 2 Harr. & G., 495. *Hilman v. Wilcox*, 30 Me., 170. *Otto v. Alderson*, 10 Sm. & M., 476. *McGreggor v. Penn.*, 9 Yerg, 74. *Beals v. Omstead*, 24 Vt., 115. *Chandler v. Lopers*, 1 Sm. Lead. C., 76. Such effect is to be given to the language of a warranty, or representation, as the parties would fairly understand it to mean, not on the secret intention of the vendor. *Smith v. Justice*, 13 Wis., 600. *Wilbur v. Cartwright*, 44 Barb., 536. *Willard v. Merritt*, 75 Barb., 295. *Hahn v. Doolittle*, 18 Wis., 196.

2.   Even the party might not have supposed that he was making a warranty, but intended to make an assertion, or affirmation, which the other should receive as a fact; or intended to utter what was equivalent to a promise, and not to express an opinion or belief about the matter; such assertion or affirmation, or promise, that the fact existed, amounts to a warranty as to that fact. *Morrill v. Wallace*, 9 N. H., 115, and numerous

citations. *Henshaw v. Robbins*, 9 Metc., 83. *Randall v. Thornton*, 43 Me., 226. *Lamene v. Gregg*, 1 Met. (Ky.), 446. *Warren v. Van Pelt*, 43 E. D. Smith, 205.

II. On the subject of fraudulent representations, we submit the following memoranda and citations:

1. Such representations may be by acts, or deeds, or by artifices to mislead; or even a nod, or a wink, or a shake of the head, or a smile. The defects in articles must not be concealed by artifice, or by throwing the purchaser off his guard. Kerr on Fraud, etc., 92 and note 81, 98. 1 Parsons on Contracts, 578, 580, 462, 464. *Walters v. Morgan*, 3 D. F. & J., 727. *Hough v. Richardson*, 3 Story, 690, 732. *Clark v. Tennant*, 5 Neb., 552.

2. The man who has by misrepresentation misled another "cannot be heard to say that he might have known the truth by proper inquiry, but must, in order to rely on the defense that he knew the representation to be untrue, be able to establish the fact upon incontestible evidence and beyond the possibility of a doubt." *Boyce v. Grundy*, 3 Pet., 210. *Young v. Harris*, 2 Ala., 108. *Connersville v. Wadligh*, 7 Blackf., 102. *Anderson v. Burnett*, 5 How., 165. Kerr on Fraud, 79.

MAXWELL, CH. J.

On the twenty-sixth day of February, 1875, David W. Leach filed a petition in the district court of Douglas county, against Matthewson T. Patrick, wherein he alleges that on the eighteenth day of December, 1872, Patrick sold to him a large stock of hardware which was stored in a building in the city of Omaha; that Patrick presented to him an inventory of said goods and represented to him that they were first-class goods, and of the best quality, and that the stock was selected by an expert, employed by himself for that purpose, out of a stock in New York City, of $200,000; that

the stock was selected for the purpose of establishing in Omaha a general hardware business—wholesale and retail; and that the prices affixed to said goods in said inventory were the lowest wholesale market prices in the city of New York; that he represented to him that he paid said expert for making said selection $2\frac{1}{2}$ per cent of the amount of the purchase, amounting to $656.75; that he paid $144 for packing, $150 for cartage, $250 for boxes and casks, and $1,460 freight; that Patrick took him to the building where the goods were stored and showed him a large number of boxes and casks which he stated to him contained the goods in question; that the boxes and casks, with one exception, were closed up and had the appearance of being new, and newly packed; that defendant stated to him that he would not open them, as he had another trade in view in case he and the plaintiff failed to agree on terms, but that the goods were as he had represented them to be, and he guaranteed and warranted the goods to be as represented; that the plaintiff was not acquainted with the hardware business, but, relying entirely upon the representations of the defendant and upon his guaranty and warranty, and upon the inventory, and without making any inspection for himself, he purchased the stock of goods described in the inventory, and paid the defendant therefor as follows:

| | |
|---|---:|
| Sum total of inventory | $26,232.75 |
| E. M. Allen, hardware expert | 656.75 |
| 6 packers, 8 days, at $3 per day | 144.00 |
| 50 cart loads | 150.00 |
| Boxes and casks | 250.00 |
| Freight | 1,460.00 |
| | $28,893.50 |

Less the sum of $420 for goods withheld by Patrick. The plaintiff also alleges that the representations made

to him by the defendant were false and fraudulent; that said goods were not first-class goods, but were of a very inferior and worthless quality, all of which the defendant well knew at the time he made the representations aforesaid, and that said representations were so made for the purpose of cheating and defrauding the plaintiff; that the entire stock of said goods was not reasonably worth more than $3,000; the plaintiff therefore asks judgment for the sum of $26,000 and interest.

The defendant in his answer admits the purchase by the plaintiff of the goods in question, admits that the goods were not first-class goods, admits the nominal payment of the sum of $22,345, but specifically denies all the other allegations of the petition. The defendant alleges that the stock was sold nominally at a very high price, and was paid for in land at a nominal valuation of $22,345, but which was in fact worth but $12,775, and the plaintiff's notes for $......, the plaintiff being insolvent. The defendant also pleads a settlement of all matters in difference between the plaintiff and defendant, on the seventh day of April, 1875, and the payment to plaintiff of the sum of $1,750. The defendant also pleads as a counter claim the payment of various sums amounting to $1,009.24.

The defendant by leave of court also filed a supplemental answer claiming the further sum of $1,331 as set-off. On the trial of the cause the jury returned a verdict in favor of the plaintiff for the sum of $18,323.43. The defendant filed a motion for a new trial, assigning as grounds therefor,

*First.* The admission of incompetent testimony.

*Second.* Exclusion of competent testimony.

*Third.* Erroneous instructions.

*Fourth.* Refusal of the court to give certain instructions.

*Fifth.* The verdict was against the law and the instructions of the court.

*Sixth.* The verdict was not sustained by the evidence.

*Seventh.* The verdict was for an excessive sum, and rendered under the influence of prejudice.

The motion for a new trial was overruled, and a judgment rendered on the verdict. The defendant brings the cause into this court by petition in error.

The principal errors relied upon by the plaintiff in error are, that the proof fails to establish a warranty, and that the court erred in its instructions upon the questions of warranty and fraud, and that the damages are excessive.

The court instructed the jury that "any distinct assertion or affirmation of quality made by Mr. Patrick during the negotiations, intended to cause the sale of goods to Mr. Leach, and which was operative in carrying it out, will be regarded as implying or constituting a warranty. The word warrant need not be used. It is sufficient if the language used by Mr. Patrick amounted to an undertaking that the goods were as represented."

The plaintiff, while admitting that the principle enunciated in the instruction is correct, claims that it was inapplicable to the facts in the case, and did not submit the true question to the jury. The objection is evidently predicated on the theory that there was no warranty of the goods in question. This was a question for the jury under the testimony, and the court had previously instructed the jury that: "If there was no warranty nor fraud, then the plaintiff, no matter how unfortunate his speculations may have turned out to be, cannot expect to be indemnified by the action of the jury." The court also instructed the jury, that: "What the law calls naked praise, or simple commend-

ation, a mere expression of opinion or belief, a bare affirmation not intended or understood as a warranty as to the quality or character of the goods, or what could be done with them, or where there was a market for them, or their value, does not amount to a warranty. The question to be answered in determining whether any particular representation was a warranty, or a mere expression of opinion or belief is, What was the understanding or intention of the parties? And it is alone for you to determine whether the language which you shall find from the evidence to have been used in the case was intended by the parties to have the effect of warranty, or to be merely the expression of an opinion."

These instructions were applicable to the testimony, and we think state the law correctly. *Little v. Woodworth, ante* p. 281. It is unnecessary to review the instructions as to fraud in detail. , The rule laid down in *Clark v. Tennant*, 5 Neb., 549, we regard as a correct statement of the law, it being held that in order to avoid a sale on the ground of fraudulent misrepresentations, they must be of matter material to the contract, and by which the purchaser was misled and deceived, and but for which the contract would not have been made. The instructions in this case on the question of fraud do not violate this rule. There is therefore no error in the instructions.

The attorneys for Patrick requested the court to instruct the jury that they "will not be justified in finding that Patrick was guilty of fraud, unless the evidence on that subject shall satisfy their minds thoroughly. Evidence which might satisfy them in any ordinary action of debt is not sufficient. But the evidence which produces in the minds of the jury a clear, distinct, and positive conviction, in which they rest in confidence that they are right, will alone be sufficient

to justify the jury in finding Patrick guilty of the alleged frauds," which instruction the court refused to give, to which the plaintiff excepted.

The instruction is exceedingly vague and calculated to mislead the jury, and was properly refused. The rule is well settled that fraud is never presumed, but must be clearly proved. But the degree of proof required in an action for damages is merely a clear preponderance of the testimony establishing the fraud. In a civil action the law does not require the jury to be satisfied beyond a reasonable doubt, as in criminal cases. The court therefore did not err in its refusal to give the instruction.

It is claimed that the court erred in refusing to exclude the testimony relating to Morrow from the jury. This testimony was properly submitted to the jury to be given such weight as they deemed it entitled to. If Morrow was merely acting as a "decoy" in the interest of the plaintiff, and with his knowledge, to induce Leach to purchase the goods in question, under the pretense that he might be a competitor, or at least a purchaser, it was proper testimony to submit to the jury, as tending to establish the charge of fraud. The damages awarded by the jury, however, are clearly excessive. It is clear that the goods were sold at a very high price and were paid for in property at an estimated value far above its real cash value, but as it is clear from the testimony that the plaintiff in the court below is entitled to recover in the action, we have carefully considered the testimony in the case, which is too voluminous to be embodied in this decision, and find that there was due from Patrick to Leach at the time of the trial of the action the sum of twelve thousand five hundred dollars. The defendant Leach, therefore, has leave to remit from the judgment, the sum of five thousand eight hundred and twenty-three dollars

Patrick v. Leach.

and forty-three cents, within thirty days from the ninth day of April, 1879, and upon condition that said re-mittitur is filed as above provided, the judgment of the district court is affirmed.   In case of the failure of the defendant to remit from the judgment the sum speci-fied above within the time designated, the judgment is reversed and the cause remanded for further proceed-ings.

JUDGMENT ACCORDINGLY.

On the fifth day of May, 1879, the attorneys for Leach filed a remittitur for the sum of $5,823.43, and thereupon a mandate was issued to the court below to carry the judgment into effect.

# INDEX.

## ACCEPTANCE.

See NEGOTIABLE INSTRUMENTS.

## ACTION.

1. **Loan of Public Money.** An unauthorized or unratified loan or deposit of public money constitutes no cause of action in the name of the state. *State v. Keim*.................... 63

2. **Trespass vi et Armis.** In a civil action in the nature of *trespass vi et armis* for an assault and battery, an amount of damages equal to the full compensation of the plaintiff for the injury sustained by him cannot be increased by the addition of a fine for the punishment of the defendant. *Boyer v. Barr* ............................................................. 68

3. **Subscriptions.** Where a corporation or person to whom a subscription runs has incurred obligations on the faith of such subscription, and has complied with the conditions on which it was made, the same may be enforced by suit. *Fremont Ferry and Bridge Co. v. Fuhrman*........................... 99

4. **Upon Written Instruments.** In bringing an action upon a deed or other instrument, consisting of several distinct parts, the plaintiff is required to set out in his petition only so much of the instrument as is necessary to show his right of action. He should, however, attach a copy of the instruments sued on to his petition, and if none be attached he may be compelled to do so. *Dorrington v. Meyer*......... 211

5. **Action Against State.** No action can be maintained on claims against the state which have not been presented to the auditor for adjustment. *State v. Lancaster County Bank* 218

6. ——: AUTHORITY OF ATTORNEY GENERAL. Where the petition fails to state a cause of action against the state, the

assent of the attorney general to a judgment thereon will not aid the judgment. *Id*.............................................. 218

7. **Injunction Bond.** The ground of the injunction cannot be inquired into in a suit upon the injunction bond. The court in which the injunction suit is tried must determine whether the injunction was properly or improperly issued, and after such determination by a final disposition of the case, and not before, does an action lie on the bond. *Bemis v. Gannett*........................................................ 236

See LIMITATION OF ACTIONS. MORTGAGE, 1, 7, 8. PLEADING, 11. TAXES, 4, 6, 7.

#### ADMINISTRATORS.

See DECEDENTS.

#### AFFIDAVITS.

1. **Affidavits** in support of, or in opposition to, any proceeding in the district court, must be embodied in the bill of exceptions before the same will be considered in the supreme court. *Credit Foncier of America v. Rogers* .................... 36

2. **Mandamus.** Omissions in an alternative writ cannot be supplied by a reference to the affidavit upon which the writ issued. *State, ex rel., v. School District*.................... 92

#### AGENT.

See INSURANCE. PRINCIPAL AND AGENT. PARTNERSHIP, 8.

#### AGREEMENTS.

1. **Personal Property.** A verbal agreement to give and accept security upon personal property is valid between the parties, although of no validity as against creditors and subsequent purchasers in good faith. *Conchman v. Wright*    1

See CONTRACTS. MORTGAGE, 3.

#### AMENDMENTS.

See PLEADING, 8.