N. N. BRUMBACK ET AL. V. AMERICAN BANK OF BEATRICE.

FILED FEBRUARY 17, 1898. No. 7865.

Trial: OPENING AND CLOSING. The party to an action upon whom rests the burden of the issues is entitled, on the trial of the cause, to open and close the evidence; also the arguments to the jury. *Hickman v. Layne*, 47 Neb. 177, followed.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Reversed.*

*J. E. Cobbey* and *G. M. Johnston*, for plaintiffs in error.

*C. E. White*, *contra*.

HARRISON, C. J.

This action was instituted by the defendant in error in the district court of Gage county to recover of plaintiffs

in error the amount alleged to be due defendant in error on a promissory note.   Issues were joined, and as a result of a trial the bank received a verdict and judgment, and the opposite parties have presented the cause here for review in error proceeding.

At the inception of the trial a motion or claim was made for plaintiffs in error that they be allowed the opening and closing in the introduction of testimony and argument of the cause to the jury. . This was overruled, to which action an exception was noted for the movers and it is of the errors assigned and argued.   An examination of the pleadings discloses that if there had been no evidence introduced the plaintiff in the action would have been entitled to a judgment.   The issues being thus joined the motion for plaintiffs in error should have been allowed and the action thereon was an error for which the judgment must be reversed.   It is provided in section 283 of the Code of Civil Procedure: "When the jury has been sworn the trial shall proceed in the following order, unless the court for special reasons otherwise direct:   *   * Third—The party who would be defeated, if no evidence were given on either side, must first produce his evidence. *   *   *   The parties may then submit or argue the case to the jury.   In the argument, the party required first to produce his evidence shall have the opening and conclusion." (See *Vifquain v. Finch,* 15 Neb. 505; *Rolfe v. Pilloud,* 16 Neb. 21; *Omaha & R. V. R. Co. v. Walker,* 17 Neb. 432; *Osborne v. Kline,* 18 Neb. 344; *Rea v. Bishop,* 41 Neb. 202;, *Hickman v. Layne,* 47 Neb. 177.)

There is but one brief filed, it being that which contains the argument on behalf of plaintiffs in error, and as the case must be remanded supposably for another trial, we do not deem it necessary at this time to discuss the other matters presented.

REVERSED AND REMANDED.