JOHN HAMPTON ET AL. V. FRANK C. WEBSTER ET AL.

FILED NOVEMBER 17, 1898. No. 8397.

1. **Fraud: PROOF.** Fraud is never presumed, but must be established
   by the party alleging it by clear and satisfactory evidence.

2. **Action on Covenant of Warranty: PLEADING.** In an action to re-
   cover damages for breach of covenants of warranty of title it is
   essential to allege in the petition that plaintiff has been evicted
   by title paramount.

ERROR from the district court of York county. Tried
below before BATES, J. *Reversed.*

*George B. France*, for plaintiffs in error.

*N. V. Harlan* and *Harlan & Taylor, contra.*

NORVAL, J.

In March, 1893, William H. Holden and Frank C. Web-
ster were the owners of certain real estate in York
county, which they traded to John Hampton for lot 10,
block 40, in David City. Warranty deeds for the respec-
tive tracts were executed and delivered, the grantee men-
tioned in the deed to the York county land being Matilda
Hampton, wife of the said John Hampton. Holden and
Webster insist that Hampton, to induce the exchange
of properties, falsely represented that he was the abso-
lute owner in fee of said lot 10; that the same was
free from all liens and incumbrances; that he had a per-
fect right to sell and convey the same; that, relying on

said representations, he executed the deed conveying to Matilda Hampton the York county property, and that the Hamptons, at the date of the execution and delivery of said deeds, had a good title to the undivided one-half of said lot 10, and that the other one-half interest was owned, as the record discloses, by one Sally Milburn. This suit was instituted by Holden and Webster, as they insist, to recover damages for the fraud and deceit, while the defendants contend that the action is upon the covenants of warranty contained in the deed executed by the Hamptons. We confess that the petition is so framed as to justify either interpretation, for while it sets out the representations which induced the exchange, and that plaintiffs relied thereon, plaintiffs also plead the covenants of warranty and aver that the same have been broken by the defendants. Plaintiffs obtained judgment, and defendants prosecute error.

The evidence wholly failed to make out a case of fraud and deceit. The following is the chain of title of record to lot 10, block 40, in David City: Patent from the United States to Union Pacific Railroad Company, March 26, 1875; Union Pacific Railroad Company to Phœbe W. Miles, warranty deed, December 23, 1873; Phœbe W. Miles to Mary E. Phœnix, deed dated October 30, 1882; Mary E. Phœnix to Fred E. Wilson, deed, December 26, 1889; Fred E. Wilson to D. E. Coleman, January, 1890; D. E. Coleman and wife to Nora Wilson and Sally Milburn, January, 1890; Fred E. Wilson and Nora, his wife, to Matilda J. Hampton, July 18, 1892. At the time the exchange of properties was made the deed records of Butler county disclosed a complete and perfect chain of title in fee simple in the defendant Matilda J. Hampton to the undivided one-half of the said lot 10, although the deed from the Wilsons and wife to her purported to convey the entire fee, and that the title to the other one-half appeared on the records to be vested in Sally Milburn. There is to be found in the record no evidence to show that Sally Milburn has any interest whatever

in the lot, and that the deed from the Wilsons to Matilda J. Hampton did not in fact, as it purported to do on its face, convey the full title to the lot to the grantee named therein. There is some evidence introduced by plaintiff below, although somewhat of a hearsay character, from which the inference might be drawn that Sally Milburn quitclaimed her interest in the property to said Fred E. Wilson, prior to the conveyance from the Wilsons to Matilda J. Hampton, and that the deed from Sally Milburn never has been recorded, but for some cause has been withheld from the record. It is elementary that fraud is never presumed, but must be established by the party alleging it by clear and satisfactory evidence. The burden, therefore, was upon the plaintiffs below to show by competent evidence that they did not obtain a good and perfect title to the lot in dispute. The proofs do not show any defects in their title. They merely disclose that the record title is incomplete; and Hampton did not represent that the record title was without flaw. The charge of fraud and deceit in the petition is not sustained by sufficient evidence.

If the action be regarded as on the covenants of warranty for a breach thereof, there can be no recovery, for the reason the petition fails to state facts sufficient to constitute a cause of action. There is no allegation in the pleading anywhere that plaintiffs have been evicted or dispossessed of the premises by any one claiming a paramount title. Such an averment was indispensable to maintain an action for a breach of covenants of warranty of title. (*Mills v. Rice*, 3 Neb. 76; *Scott v. Twiss*, 4 Neb. 133; *Real v. Hollister*, 20 Neb. 112; *Cheney v. Straube*, 35 Neb. 521.) In any view of the case, the judgment cannot stand. It is accordingly

REVERSED.