Farmers State Bank v. Cavanaugh.

———————

FARMERS STATE BANK OF CROOKSTON, APPELLANT, V. MARGARET CAVANAUGH, APPELLEE.

FILED MAY 8, 1924. No. 22749.

1. **Trial:** RIGHT TO OPEN AND CLOSE. Where a defendant in his answer admits the plaintiff's cause of action, but sets up new matter as a defense, which defense would fail without proof thereof, the defendant is entitled to open and close the case.

Farmers State Bank v. Cavanaugh.

2. **Evidence** examined, and *held* sufficient to support the verdict and judgment of the trial court.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*James C. Quigley, Louis K. Travis* and *Allen G. Fisher,* for appellant.

*James J. Harrington* and *John M. Tucker, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ.

DAY, J.

Action by plaintiff against defendants to recover a balance claimed to be due upon a promissory note alleged to have been executed by defendants Margaret Cavanaugh and Albert Nollett. The record presents only the issue between the plaintiff and the defendant Margaret Cavanaugh, who will be referred to hereinafter as defendant. The answer of the defendant admitted that she signed the note in question, but pleaded that her signature thereto was obtained by fraud and deceit practiced upon her by the plaintiff, the details of which were fully set forth in the answer. The trial resulted in a verdict and judgment in favor of the defendant. Plaintiff appeals.

It is first urged by the plaintiff that the evidence is not sufficient to support the judgment. The record shows that Albert Nollett was the son-in-law of the defendant; that he had become indebted to the plaintiff bank in an amount more than the bank was authorized to loan to any one individual. The plaintiff was desirous of having the indebtedness reduced.

It is the claim of the plaintiff that the note in question was given by the defendant to reduce the amount of Nollett's indebtedness to the bank, and that eight shares of stock in the bank held by defendant were assigned to the bank as security for the defendant's **note.**

It was the defendant's theory, supported by evidence, that she assigned the shares of stock as security for the indebtedness of her son-in-law; that when she signed the papers at the bank she did not have her glasses, and was unable to read; that she did not know and was not told that among the papers she signed was the promissory note in question; and that she was told that the paper she signed was merely an assignment of the shares of stock.

A great deal of testimony was taken by both sides, tending to support their respective theories, and many circumstances were referred to which tended to corroborate each theory. It would serve no useful purpose to enter into a discussion of the evidence. Suffice it to say that there was a clear dispute between the parties which presented a question for the jury's determination.

It is next urged by plaintiff that the court erred in granting to the defendant the right to open and close the case. It is well settled that where the defendant in his answer admits the plaintiff's cause of action, but sets up new matter as a defense, which defense would fail without proof thereof, the defendant is entitled to open and close. *Suiter v. Park Nat. Bank,* 35 Neb. 372. Upon the trial the defendant moved to be permitted to have the opening and closing, both in evidence and argument, "for the reason that the defendant, Margaret Cavanaugh, admits the execution and delivery of the note involved in this case." A fair interpretation of the defendant's answer, especially in view of the interpretation placed thereon by the defendant, indicates that it was in the nature of a confession and avoidance. We think the court did not err in permitting the defendant to open and close the case.

The plaintiff also urged that certain remarks made by defendant's counsel in his argument to the jury were prejudicial. The remarks in question referred to familiar passages of scripture, and apparently were made in response to the argument of the plaintiff. It does not appear that any exception was taken to the argument at the time it was made, the objection first appearing in the affidavits

in support of the motion for new trial. In our opinion, under the circumstances, these remarks of counsel were not prejudicial.

The plaintiff also complains of the giving of instruction No. 4. We have examined the instruction, and conclude that it fairly submits the issue to the jury.

Upon an examination of the entire record, we find no prejudicial error in the trial. The judgment of the district court is, therefore,

AFFIRMED.

Note—See Trial, 38 Cyc. p. 1300.