ARTHUR J. KERNAN, APPELLEE, V. MODERN WOODMEN OF AMERICA, APPELLEE: STEWART F. KERNAN, APPELLANT.

FILED OCTOBER 17, 1930. No. 27316.

*Battelle, Morgan, Strehlow & Anderson,* for appellant.

*Smith, Schall & Sheehan, contra.*

Heard before ROSE, DEAN, GOOD, THOMPSON, and EBERLY, JJ., and LESLIE, District Judge.

THOMPSON, J.

This action was instituted by Arthur J. Kernan, hereinafter called appellee, against Stewart F. Kernan, appellant, and the Modern Woodmen of America, appellee, hereinafter referred to as insurer, to recover the sum of $1,000 on a certain fraternal benefit certificate of insurance issued by such insurer on the life of the father of the above named

Kernans in the sum of $2,000 payable in equal amounts to each of such Kernans, and to have a certain subsequent certificate issued to such father for the same amount, and made payable to the appellant alone, canceled and held for naught, which appellee alleged had been issued through fraud and circumvention. At the trial the insurer appeared and answered, pleading sufficient facts to absolve it from further contention as between the parties; alleging that it had paid to appellant $1,000 and that it be permitted to bring the other $1,000 into court to be disposed of as might on final hearing be found to be just and equitable, which was so ordered. The appellant for answer and cross-petition alleged, in substance, that the certificate made the basis of appellee's claim had been canceled at the request of the father and another certificate issued and delivered by the insurer to such father, for the same amount, in which certificate the appellant was made the sole beneficiary, all in harmony with the terms of the certificate, by-laws of the insurer, and the law applicable thereto; and denied appellee's allegations of fraud and circumvention. Appellant prayed, in substance, that the appellee's petition be dismissed; that the $1,000 paid into court by the insurer be released and paid to him; and that appellee pay all costs.

On submission of these issues the trial court found generally in favor of the appellee, except that out of the $1,000 paid into court the sum of $45.68 was ordered paid to appellant for dues and assessments advanced by him on the two certificates over and above his rightful share, and so entered decree. To reverse this judgment appeal is had.

From an examination of the record, we find the following pertinent facts reflected: On August 26, 1896, the father procured to be issued and delivered to him by the insurer (a fraternal beneficiary association of Illinois, and doing business in this state) a benefit certificate of insurance on his life for the sum of $2,000 payable at his death to his then wife. He complied with all the conditions of such insurance contract on his part until in February, 1911, when, he and his wife having separated, he surrendered such certificate and procured another to be issued and de-

livered to him as a member of the Fremont, Nebraska, Camp of the insurer, for the same amount, designating therein as his beneficiaries, to the extent of $1,000 each, the two sons of the above indicated marriage, Arthur J. Kernan and Stewart F. Kernan, appellee and appellant herein respectively. The insured father paid the dues and assessments on such certificate until some time in 1915, when he was about to leave this state and take up his residence in South Dakota, at which time he delivered the certificate to his aforesaid sons, who remained residents of this state. These sons agreed between themselves, which was assented to by the father, that Arthur should make all payments on the certificate coming due and payable in the even-numbered months and Stewart in the odd-numbered months. These arrangements continued and were fairly complied with by each son until in 1918, when it was agreed between these two brothers that, during the time Stewart was serving in the United States navy, Arthur would pay all dues and assessments on the certificate from the time of Stewart's leaving in July, 1918, until his return in June, 1919, which he did. On Stewart's return he reimbursed his brother Arthur for all moneys so advanced. However, thereafter, Arthur failed and neglected to keep up his share of such payments, and Stewart was compelled to, and did, pay the same to the extent of $25.10; that Stewart, becoming dissatisfied with the situation, communicated with Arthur by letter dated August 7, 1927, in reference thereto, in which letter, among other things, he stated to Arthur: "At this time you owe me $25.10 starting June, 1926, and including August, 1927." Arthur neglected to pay, using as an excuse the claim that when Stewart was hard pressed for money he had advanced all dues and assessments, and now as he, Arthur, was hard pressed Stewart should make the payments. Thereupon Stewart forwarded the correspondence to the father at his home in South Dakota. After receiving and considering the same the father executed and forwarded to the insurer the necessary papers for the surrender of this joint certificate and the issuance in lieu thereof of a new certificate for the same amount pay-

able to his son Stewart. This requested change was perfected by the insurer in September, 1927, and the new certificate forwarded to the insured. Thereafter Stewart paid all dues and assessments for something over a year, when the insured father died.

The first certificate being only incidentally involved, was not introduced in evidence. However, we have before us the second and the third.

It will be noticed from the statement of the issues that it is admitted that the certificate made payable to the two sons was canceled by the insurer at the request of the insured, and that the certificate made payable to the appellant alone was issued and delivered to insured in lieu thereof. However, in order to avoid the force and effect of this last certificate, the appellee urges that it was fraudulently procured by Stewart. The burden of proof of this fraud is carried by the appellee at all times. In the course of the opinion in *Goodrich v. Equitable Life Assurance Society*, 111 Neb. 616, 621, it is stated: "In the absence of proof, the court will not presume bad motives or bad faith." We held in *Hampton v. Webster*, 56 Neb. 628: "Fraud is never presumed, but must be established by the party alleging it by clear and satisfactory evidence." This the appellee has wholly failed to do.

Section 7920, Comp. St. 1922, provides: "No contract between a member and his beneficiary that the beneficiary or any person for him shall pay such member's assessment and dues, or either of them, shall deprive the members of the right to change the name of the beneficiary." This section was in full force and effect at the dates involved herein. There being nothing in the pleadings or the proof indicating that the laws of Illinois or South Dakota, if pertinent, are, or were, other than those existent in this state, it is conclusively presumed that the aforesaid section 7920 entered into and became a part of the respective insurance contracts involved in this instant case, and is controlling herein. The fact that the original beneficiary paid any or all of the dues and assessments prior to the change of beneficiary does not modify or avoid the above quoted statutory

provision. *Smiley v. Modern Woodmen of America*, 112 Neb. 10, 13.

In *Fisher v. Donovan*, 57 Neb. 361, we held: "A certificate in a fraternal beneficiary society is a mere expectancy, and the beneficiary has no vested right therein." And in *Ogden v. Sovereign Camp, W. O. W.*, 78 Neb. 804, it was held: "Where the members of a fraternal beneficiary association have the right to designate and change the beneficiary, the beneficiary is not a party to the contract and acquires no vested right therein during the life of the assured."

The case of *Supreme Council of the Royal Arcanum v. Behrend*, 247 U. S. 394, as reported in 1 A. L. R. 966, will be found instructive as to the matters involved herein, as well as to the legal difference between ordinary life insurance and that furnished by the fraternal benefit societies.

The insured father was clearly within the law, as well as within his contract of insurance, in procuring the first and second certificates, respectively, to be canceled and the third certificate issued and delivered to him. Thus, the appellee is without just cause for complaint.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of the appellant and against the appellee, Arthur J. Kernan, for the $1,000 paid into court by the insurer, and to order that each party pay his own costs, including those of this court.

REVERSED.