J. I. Case Company, appellant, v. Ed. Thos. Hrubesky, appellee.

Filed November 29, 1933. No. 28650.

*John J. Ledwith* and *L. F. Otradovsky*, for appellant.

*W. B. Sadilek* and *George W. Wertz, contra.*

Heard before Goss, C. J., Rose and Paine, JJ., and Begley and Horth, District Judges.

Goss, C. J.

Plaintiff appeals from a judgment in favor of defendant in a suit on a trade acceptance.

The petition, filed May 7, 1932, in the district court, alleged that plaintiff was a Wisconsin corporation, authorized to do business in Nebraska, engaged in selling farm machinery, implements and accessories, and that defendant is a resident of Schuyler, Nebraska; that on or about August 19, 1929, defendant executed and delivered to plaintiff a trade acceptance of which plaintiff is the owner

and holder, no part of which has been paid, on which it prays judgment for the amount due with interest at 10 per cent. The petition sets out a trade acceptance for $365, in favor of J. I. Case Company, due September 1, 1929, bearing 10 per cent. interest from maturity, accepted August 19, 1929, by defendant. The instrument recites: "This acceptance is drawn to cover purchase price of goods furnished by the drawer to the acceptor."

The answer was very informal and rather confusing. It was evidently the county court answer, or a copy thereof, allowed to be refiled in the district court. It dealt with six causes of action, only the last of which now remained unsettled. Without detailed recitals, its effect as to the sixth cause of action was to admit the corporate capacity and authority of plaintiff to do business in Nebraska, to admit the execution and delivery to plaintiff of the trade acceptance, and to admit that plaintiff is the holder thereof. As matters of defense the answer alleged that defendant was the local representative of plaintiff handling tractors; that in August, 1929, plaintiff sent its sales agent, Earl Lound, to defendant to make a sale of a large tractor to Sayers Brothers of Leigh and Lound told defendant the sale could be made if defendant would take in an old tractor in part payment; defendant informed Lound he would not participate in any trade and if the company wished to do so it could consider the matter as a company trade; that Lound sold a tractor for a total of $1,389.90, accepting $850 cash and an old tractor therefor; afterwards Lound told defendant the trade was made for the company, that defendant would get his full commission when Lound resold the old tractor, asked defendant to execute his commission slip, and, by deception and fraud, got defendant to sign the trade acceptance instead of a commission slip; that it was obtained by fraud and deception, was without consideration and void; that as soon as he discovered the real facts he disavowed all interest in the deal made by Lound for the company except that he claimed and still claims his

commission. He prayed that the action be dismissed. Plaintiff's reply was a general denial.

One assignment of error is that the court refused to give plaintiff the right to open and close the argument to the jury.

Section 20-1107, Comp. St. 1929, provides, with respect to jury trials: "Third. The party who would be defeated if no evidence were given on either side must first produce his evidence. * * * Sixth. * * * In argument, the party required first to produce his evidence shall have the opening and conclusion."

It is true that, when the trial opened, plaintiff produced the first witness and then rested. The witness, James P. Cody, was in charge of plaintiff's sales and collections at the Lincoln office. He testified briefly, without objection, to the corporate capacity and authority of plaintiff to do business in Nebraska, to the capacity and signature of B. C. Cook, the drawer of the trade acceptance, to the signature of Hrubesky, as the acceptor thereof, and to other immaterial matters settled by the parties when they settled other causes of action in the original case in the county court and evidenced the settlement by a stipulation filed in this case in the district court, by virtue of which the controversies were narrowed from six causes of action to one. His testimony was wholly unnecessary to establish plaintiff's claim. If no proof had been offered by defendant, plaintiff would have been entitled to judgment on the pleadings.

In the instructions the court, after briefly stating the pleadings, told the jury in the second instruction that, as a matter of law, the trade acceptance was signed by defendant with all due formalities of law, that there was "no dispute regarding the signing of same, and you are not concerned with that angle of the case;" and that the jury should proceed at once to determine whether the instrument was obtained by plaintiff from defendant through fraud and deceit. This instruction then placed the burden of proving this affirmative defense upon de-

fendant, who had alleged it. No error is assigned as to this instruction, nor, for that matter, as to any instruction to the jury.

Fraud is never presumed, but must be proved, and the burden of proving it is upon the party alleging it. 12 R. C. L. 424, sec. 172; *Clark v. Tennant,* 5 Neb. 549; *Hampton v. Webster,* 56 Neb. 628; *Kernan v. Modern Woodmen of America,* 120 Neb. 333.

In an action upon notes, defendant made answer alleging payment of the notes. It was held that he had the right and duty to open and close the testimony and the right to open and close the argument. *Osborne & Co. v. Kline,* 18 Neb. 344. See, also, *Suiter v. Park Nat. Bank,* 35 Neb. 372; *Hickman v. Layne,* 47 Neb. 177; *Brumback v. American Bank of Beatrice,* 53 Neb. 714; *Farmers State Bank v. Cavanaugh,* 112 Neb. 142; *Thompson v. Wall,* 112 Neb. 196; *Bennington State Bank v. Petersen,* 114 Neb. 420. From the foregoing, and many other cases which might be cited, it appears that the right to open and close the evidence and the argument to the jury is to be ascertained from the state of the pleadings. *Farmers State Bank v. Cavanaugh,* 112 Neb. 142, was similar to the case at bar. The action was upon a promissory note. Defendant "admitted that she signed the note in question, but pleaded that her signature thereto was obtained by fraud and deceit, * * * the details of which were fully set forth in the answer. The trial resulted in a verdict and judgment in favor of the defendant. Plaintiff appeals. * * * It is well settled that where the defendant in his answer admits the plaintiff's cause of action, but sets up new matter as a defense, which defense would fail without proof thereof, the defendant is entitled to open and close."

We think the court did not err in refusing plaintiff's request to open and close the argument.

The only other assignments of error are that the court failed, at the close of defendant's evidence and at the close of all the evidence, to sustain plaintiff's motions for

592

a directed verdict, and that the court overruled plaintiff's motion for a new trial based upon the grounds that the verdict is not sustained by sufficient evidence and is contrary to law.

Plaintiff seeks to compel defendant to carry out the terms of the trade acceptance and thus to pay for the second-hand tractor. In short, plaintiff insists that defendant is liable on the instrument because he signed it. In support of this proposition plaintiff cites 12 R. C. L. 386, sec. 136, which says, citing cases in the footnote: "It is well settled that a person who signs an instrument without reading it, when he has the opportunity to read it and can read, cannot avoid the effect of his signature merely because he was not informed of its contents" (citing cases in support of this very generally known rule). But the section then proceeds to specify certain exceptions from which we quote further: "But the rule is otherwise where the execution is obtained by fraud, and in such case the instrument is not binding on the party executing it though he did not read it or request that it be read to him. The same is true where he is prevented from reading it or having it read by some fraud or device on the part of the other party. Nor does the general rule apply where there is a relation of trust and confidence between the parties."

Defendant could read but did not read the instrument. He pleaded the fraud and deceit wrought upon him by plaintiff, through its agent Lound. He testified sufficiently to submit to the jury, that Lound induced him to sign the trade acceptance, believing it was the usual commission slip by virtue of which plaintiff would pay defendant a commission on a sale made in his territory. The testimony of Mr. Lound and other evidence and circumstances made a very sharp conflict of fact, upon which would rest a decision whether defendant was relieved from liability by virtue of fraud and deceit. That question was for the jury. It was submitted to the jury under instructions which are not challenged. We find no legal

justification for disturbing the verdict nor for reversing the judgment based thereon.

The judgment of the district court is

AFFIRMED.