Murphy Finance Company, appellee, v. Norman
Fredericks, appellant.
127 N. W. 2d 924
Filed May 1, 1964. No. 35566.

Frost, Meyers & Farnham and John B. Abbott, for appellant.

Paul A. Harmon, for appellee.

Heard before White, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Carter, J.

This is an action at law on a promissory note in the

(1)

amount of $570, payable in installments of $26.35 per month for a period of 30 months commencing on March 15, 1961, and ending on August 15, 1963, on which $445 is due and unpaid. The note was secured by a chattel mortgage on one 22-foot Carrier upright freezer. Defendant filed an answer and cross-petition alleging fraud and misrepresentation, a breach of contract by the plaintiff, and that the contract was usurious. At the close of the evidence the trial court directed a verdict for the plaintiff. The defendant appeals.

The evidence shows the following state of facts: In July 1957, defendant entered into two contracts with a corporation known as Rich Plan, one for the purchase of a 22-foot food freezer in the amount of $804.90, and the second for the sale of frozen food in the amount of $189.60. Shortly thereafter both contracts were assigned to the Murphy Finance Company, the plaintiff herein. The defendant defaulted in his payments and on March 11, 1958, a renewal note was entered into in the amount of $740, the plaintiff giving a credit of $89.59 for unearned carrying charges. The first note was returned to the defendant and not produced at the trial. The defendant again became in default, and on January 25, 1960, the note was again renewed in the amount of $600. The amount due at the time was $582.57, a credit of $17.43 being immediately credited on the note. The old note was delivered to the defendant and was not produced at the trial. The defendant again became in default, and on January 31, 1961, the note was again renewed in the amount of $570. The old note was also returned to the defendant and was not produced at the trial. On June 7, 1961, the freezer was sold at public auction for the sum of $125. This amount was credited on the $570 note, leaving a balance due of $445, for which amount this suit was brought.

It is contended by the defendant that the chattel mortgage on the freezer was void in that it was not signed by defendant's wife as provided by section 36-

301, R. R. S. 1943. The evidence shows that on January 19, 1961, defendant voluntarily surrendered the freezer to the plaintiff for the purpose of private sale and credit on the note. No purchaser having been found for several months, the plaintiff proceeded to advertise and sell the freezer under the terms of the chattel mortgage. Defendant was fully informed by the plaintiff of the steps being taken. A copy of the notice of chattel-mortgage sale was mailed to him. Defendant did nothing and apparently acquiesced in the sale. The claim that the chattel mortgage was invalid comes too late.

The allegations as to fraud and misrepresentation, breach of contract, and usury are stated in the most general terms unaccompanied by any pleading of facts. See Elliott v. City of Auburn, 172 Neb. 1, 108 N. W. 2d 328. No attack was made upon the cross-petition because of its failure to allege facts rather than mere conclusions. There is no evidence in the record to sustain a finding of any fraud or misrepresentation. It is asserted that the demand by plaintiff that defendant renew the contract or submit to the foreclosure of the chattel mortgage amounts to fraud and misrepresentation. This is not fraud and misrepresentation, even though plaintiff required the higher rate of interest permitted by the Installment Loan Act. The defense of usury is unsupported by any evidence that interest in excess of the lawful rate was charged. If carrying charges were included, which were in fact interest charges resulting in a usurious rate of interest, the evidence is devoid of any proof of that fact. The burden of proof is on the one asserting usury to establish that fact where usury does not appear on the face of the instrument sued on. Nitzel & Co. v. Nelson, 144 Neb. 662, 14 N. W. 2d 197. Likewise, fraud and misrepresentation are never presumed. Ordinarily, in a law action, fraud and misrepresentation must be established

by the party alleging them by a preponderance of the evidence.

The allegation of a breach of contract grows out of the following situation. As hereinbefore stated, defendant entered into a frozen food contract with Rich Plan in the amount of $189.60, which was assigned to the plaintiff. This contract was paid off in full. Defendant desired to purchase additional frozen foods on the same terms which Rich Plan had authorized him to do. Rich Plan, however, had gone into bankruptcy and another company had assumed this obligation of Rich Plan. Defendant entered into a contract with Rich Plan's successor for frozen foods in the amount of $198.59, which was assigned to plaintiff. Defendant defaulted in his payments on this contract, and the amount due thereon in the amount of $148.95 was included in the renewal note of March 11, 1958, for $740. It is the testimony of defendant's wife that she thinks they did not get the quantity and quality of frozen foods from Rich Plan's successor as they got from Rich Plan under the previous contract. This evidence is insufficient to sustain a breach of contract, particularly against the assignee of the food contract. The evidence fails as a matter of law to sustain the allegations of the cross-petition.

The defendant complains of the rulings of the trial court in refusing to admit certain testimony into evidence. We have reviewed the rulings and find that they are correct.

The defendant assigns as error the failure of the trial court to sustain his motion for a judgment on the pleadings. The record shows that on the day of the trial, and before the taking of any evidence, the defendant moved for a judgment on the pleadings because plaintiff had not filed a reply to defendant's answer, nor an answer to defendant's cross-petition, and, as provided by section 25-842, R. R. S. 1943, the allegations thereof were admitted to be true. The motion was overruled. The plaintiff moved that it be permitted to

file a reply instanter denying generally. Defendant objected. The record shows "motion overruled." There is doubt in the mind of this court as to whether the trial court intended to overrule the objections of the defendant or to overrule the motion to reply instanter. In view of the fact that the court overruled defendant's motion for judgment on the pleadings and proceeded to take evidence on all the issues pleaded as if they were generally denied, we necessarily conclude that the court in fact overruled defendant's objections and permitted the trial to proceed as if all pleaded issues were in dispute. If this is not so, it would appear that the trial court's rulings were inconsistent, a conclusion that will be avoided where it is possible to do so. We think it is clear in considering the trial court's conduct of the trial that it intended the trial should proceed with all issues of fact in dispute. If there was error on the part of the trial court it was technical and not prejudicial to the rights of the defendant.

The defendant admits signing the note in suit. It is not usurious on its face. The amount due thereon was proved. The defenses pleaded were not sustained by any competent evidence. No defense was established as a matter of law. Under such circumstances it was the duty of the trial court to sustain plaintiff's motion for a directed verdict, as it did. The judgment of the district court is affirmed.

AFFIRMED.