JIM TOBIN ET AL., APPELLANTS, V. FLYNN & LARSEN IMPLEMENT CO., A NEBRASKA CORPORATION, APPELLEE.

369 N.W.2d 96

Filed June 14, 1985.    No. 85-047.

Clarence E. Mock of Johnson and Mock, for appellants.

Neil W. Schilke of Sidner, Svoboda, Schilke, Wiseman, Thomsen & Holtorf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Appellants, Jim and Susan Tobin, husband and wife, sued appellee, Flynn & Larsen Implement Co., a Nebraska corporation, for damages, alleging three alternative theories of recovery: (1) breach of express warranty, (2) breach of implied warranty, and (3) fraud. The trial court sustained the motion of Flynn & Larsen, requiring the Tobins to elect to proceed either on their breach of warranty theories or on the fraud theory. In accordance with that ruling the Tobins elected to proceed to trial on the fraud theory. The jury returned a verdict in favor of Flynn & Larsen, and judgment was entered dismissing the action. The Tobins assign as errors (1) the requirement that they elect to proceed either on their fraud theory or their warranty theories, (2) the instruction to the jury that the fraud must be proved by "clear and satisfactory evidence," and (3) the definition of such standard of proof as demanding "a closer scrutiny of the evidence than in an ordinary controversy." We reverse and remand for further proceedings.

It is true that where a party pleads alternative theories of recovery which are inconsistent in the sense that he or she cannot logically choose one without renouncing the other, he or she must elect between them. *Kenyon & Larsen v. Deyle*, 205 Neb. 209, 286 N.W.2d 759 (1980). For example, a party cannot proceed on a theory of recovery which is premised upon the existence of a contract and at the same time proceed alternatively on a theory which is premised on the lack of a contract. Consequently, one who has been induced to enter into

an agreement by virtue of a material misrepresentation, that is to say, by virtue of fraud, may either affirm the agreement and sue for damages or disaffirm the agreement and sue to be reinstated to his or her position as it existed before entry into the contract. *Christopher v. Evans*, 219 Neb. 51, 361 N.W.2d 193 (1985). This is so because one remedy, damages, depends upon the existence of a contract, and the other, rescission, depends upon the concept that because of the fraud no contract came into existence. See, 1 S. Williston, A Treatise on the Law of Contracts § 15 (3d ed. 1957); 1 A. Corbin, Corbin on Contracts § 7 (1963). .

On the other hand, for example, one may at the same time proceed on both the theories of contract and quantum meruit, for in either instance the action is premised on the existence of a contract, either express or implied. Indeed, in such an instance one must proceed on those two alternative, consistent theories at the same time or forever forgo one theory or the other. *Vantage Enterprises, Inc. v. Caldwell*, 196 Neb. 671, 244 N.W.2d 678 (1976).

With that background we are prepared to analyze the Tobins' petition. The first alternative theory of recovery alleges that Flynn & Larsen made certain express warranties, the second alleges that the transaction itself implied certain warranties, and the final theory alleges that Flynn & Larsen made certain material misrepresentations upon which the Tobins relied, as a consequence of all of which they were damaged. The petition seeks a monetary recovery for that damage.

As we have seen from the foregoing discussion of the applicable law, there is nothing inconsistent in seeking to recover damages arising by virtue of having been induced to enter into a contract by fraud and seeking to recover damages because express and implied warranties were allegedly breached. All three theories rest upon the premise that a contract came into being which resulted in damages.

The situation would be otherwise had the Tobins sought to rescind the contract based on fraud or alternatively to recover damages for the breach of warranties, for a contract cannot at one and the same time and under the same facts both exist and not exist.

It must be observed that the Tobins created some confusion as to what they were seeking by including in their prayer for relief the gratuitous phrase "and any further relief the Court deems just under the circumstances." We have stated before that a prayer for equitable relief has no place or role in a law action. *Doak v. Milbauer*, 216 Neb. 331, 343 N.W.2d 751 (1984). The inclusion of a phrase sounding in equitable relief where it does not belong not only may indicate that the pleader is uncertain of his ground but may succeed in confounding a court. In this case, however, each theory of recovery alleged recognizes the existence of a contract. The petition merely seeks a single recovery under one or more consistent, alternative theories.

Accordingly, the trial court erred in compelling the Tobins to elect among the various theories of recovery they pled.

Because the cause is remanded for a new trial and the question of the appropriate standard of proof will likely arise again, we address the second assignment of error.

We have historically held that in a law action fraud must be proved by a preponderance of the evidence. *Murphy Finance Co. v. Fredericks*, 177 Neb. 1, 127 N.W.2d 924 (1964); *Mayer v. Homestead Fire Ins. Co.*, 150 Neb. 556, 35 N.W.2d 413 (1948); *Falkner v. Sacks Bros.*, 149 Neb. 121, 30 N.W.2d 572 (1948); *Campbell v. C & C Motor Co.*, 146 Neb. 721, 21 N.W.2d 427 (1946); *Bauer v. Wood*, 144 Neb. 14, 12 N.W.2d 118 (1943); *Ralston Purina Co. v. Iiams*, 143 Neb. 588, 10 N.W.2d 452 (1943); *Ralston Purina Co. v. Cox*, 141 Neb. 432, 3 N.W.2d 748 (1942); *Giles & Son v. Horner*, 97 Neb. 162, 149 N.W. 333 (1914); *Patrick v. Leach*, 8 Neb. 530, 1 N.W. 853 (1879).

It appears that in equity cases we have fairly consistently required proof of fraud to be either by "clear and convincing" or "clear and satisfactory" evidence. *McGinty v. McGinty*, 195 Neb. 281, 237 N.W.2d 855 (1976); *LaPuzza v. Prom Town House Motor Inn, Inc.*, 191 Neb. 687, 217 N.W.2d 472 (1974); *Russo v. Williams*, 160 Neb. 564, 71 N.W.2d 131 (1955); *Burnham v. Bennison*, 126 Neb. 312, 253 N.W. 88 (1934). But see *Saffer v. Saffer*, 133 Neb. 528, 274 N.W. 479 (1937), applying the preponderance of the evidence standard to a quiet title action. For a discussion of the difference between proving

fraud in equity as distinguished from fraud at law, see *Peters v. Woodman Accident & Life Co.*, 170 Neb. 861, 104 N.W.2d 490 (1960).

Regrettably, some of our opinions have overlooked the distinction between cases brought at law and those brought in equity and, consequently, have inadvertently stated that fraud in actions at law must be proved by "clear and satisfactory" evidence. *Erftmier v. Eickhoff*, 210 Neb. 726, 316 N.W.2d 754 (1982); *Page v. Andreasen*, 200 Neb. 641, 264 N.W.2d 682 (1978); *Kernan v. Modern Woodmen of America*, 120 Neb. 333, 232 N.W. 590 (1930); *Hampton v. Webster*, 56 Neb. 628, 77 N.W. 50 (1898).

We now remove this conflict by disapproving the earlier language which imposes the clear and satisfactory standard to the proof of fraud in suits at law and adhere to the rule that in such actions fraud must be proved by a preponderance of the evidence. This is not to imply, as disclosed by the case cited in the following paragraph, that proof by clear and satisfactory or clear and convincing evidence is never appropriate in any kind of a law action.

Having so resolved the second issue, we need not concern ourselves with the third and final issue, except perhaps to note that in *Castellano v. Bitkower*, 216 Neb. 806, 346 N.W.2d 249 (1984), we held that "clear and satisfactory" evidence is the same as "clear and convincing" evidence, defined as that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved. *Castellano* was an action at law which correctly required that the right to recover on a lost instrument be proved by clear and convincing evidence.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., concurs in the result.