JAMES BROWN, APPELLEE, V. JOSIAH T. BLACKWOOD ET AL., APPELLANTS.

FILED APRIL 11, 1922.   No. 21967.

1.  **Sales:** FRAUD. The vendor of cattle, who represents them as sound and fit for breeding purposes, with knowledge that they are

Brown v. Blackwood.

diseased and unfit for breeding purposes, to one who buys them for breeding purposes, without knowledge of their diseased condition, the disease not being capable or detection by inspection of the cattle, is guilty of fraud, and the rule of *caveat emptor* does not apply.

2. **Verdict:** SUFFICIENCY OF EVIDENCE. Upon examination of the record, the evidence is *held* sufficient to sustain the verdict of the jury.

3. **Instructions.** The rulings of the court on instructions to the jury are approved.

4. **Evidence.** When the record fails to show that the testimony of a witness was read from, or based upon, a treatise on a scientific question, the subject of investigation, it does not fall within the rule excluding such publications as independent evidence.

5. **Witnesses:** CROSS-EXAMINATION. Where from the character of the testimony, and from the record as a whole, it appears that questions improperly asked a witness on cross-examination were without prejudice to the complaining party, the judgment of the trial court will not be disturbed.

APPEAL from the district court for Furnas county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Lambe & Butler, O. E. Bozarth* and *Walter D. James,* for appellants.

*Stewart, Perry & Stewart* and *George C. Proud, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

MORRISSEY, C. J.

Plaintiff brought suit against defendants to recover damages alleged to have resulted from the sale of 26 head of pure-bred cattle by defendants to plaintiff. The cattle were sold at public auction for the sum of $5,355. It is alleged in the petition that prior to the sale the cattle had contracted the disease known as "contagious abortion," or had been exposed thereto; that defendants had knowledge of this fact, and plaintiff did not have such knowledge; that the cattle were sold for breeding purposes; that defendants made the cattle appear to be sound and well; that

Brown v. Blackwood.

plaintiff relied upon their appearance and purchased them for breeding purposes; that having purchased them, and without knowledge of their diseased condition, plaintiff permitted them to run with other cattle which he owned, and the cattle with which he permitted them to run became infected with the disease and became worthless for breeding purposes, and that by reason of these facts plaintiff suffered damage in the sum of $11,395.

The answer admits the sale of the cattle, but alleges that it was under the terms and conditions of a printed circular, which was offered and received in evidence, containing certain representations and agreements in regard to the cattle being fit for breeding purposes. The answer also alleges that any loss or injury sustained by plaintiff was not due to any act of the defendants, but was caused by the carelessness and negligence of the plaintiff.

On trial to a jury there was a verdict in favor of the plaintiff for $2,500, and from a judgment entered thereon defendants have appealed.

In appellants' brief it is argued that the proof does not conform to the allegations of the petition, but, since this brief was filed, a supplemental transcript has been filed by leave of court and this objection has been overcome.

It is also argued that the proof is insufficient to sustain the allegations of the petition that the cattle were fraudulently prepared for sale. If defendants' view of the meaning of this allegation, namely, the physical preparation of the cattle, is what is meant by this allegation, then there may be a failure of proof, but if, as is more likely, plaintiff intended this allegation to include, not only the physical preparation of the cattle, but the acts of defendants in advertising them for sale and representing them as being breeding animals, then the proof is sufficient to sustain that allegation of the petition. That point, however, seems to be of minor importance, for the real basis of the action rests upon the allegations that defendants, with knowledge of the alleged diseased condition of the cattle, and with knowledge of plaintiff's ignorance of their condition, made

the sale, representing the cattle to be fit for breeding purposes. But it is claimed by appellants that the mere silence of a vendor of diseased animals does not constitute fraud; that in such a case the rule of *caveat emptor* applies. An ingenious argument is made in support of this contention, and authorities are presented holding that the mere fact that the vendor is aware of a latent defect in an animal which he offers for sale, but fails to disclose his knowledge to the purchaser, does not amount to fraud, unless he makes some statement or uses some art or device calculated to deceive the buyer, or to induce him to refrain from making investigation. This is an ancient rule that has respectable support in the books but it is not applicable here. It is alleged that defendants knew of the diseased condition of the cattle, and that the plaintiff did not have such knowledge. It is conceded that the disease cannot be detected by the ordinary methods of inspection. It is a disease which unfits cattle for breeding purposes. Assuming for the present that the allegations are true, defendants, with knowledge of all the facts, in offering the cattle for sale as breeders were guilty, not of merely standing mute and failing to disclose facts, but they were guilty of positive misrepresentations in representing the cattle as fit for breeding purposes. The vendor of cattle, who represents them as sound and fit for breeding purposes, with knowledge that they are diseased and unfit for breeding purposes, to one who buys them for breeding purposes, without knowledge of their diseased condition, the disease not being capable of detection by inspection of the cattle, is guilty of fraud, and the rule of *caveat emptor* does not apply. *Puls v. Hornbeck*, 24 Okla. 288, 29 L. R. A. n. s. 202, and note; *Kitchen v. Long*, 67 Fla. 72, L. R. A. 1917C, 617, and note; 3 C. J. 56, sec. 157.

We also find that the instructions given by the court are without prejudice to defendants.

Appellant assigns as error certain rulings of the court on the admission of evidence. In this connection it is claimed that plaintiff was permitted to improperly get

before the jury the contents of a certain pamphlet being a treatise on contagious abortion in cattle.

On the examination of a veterinary surgeon, a witness for plaintiff, the witness was handed a circular written by the chief of the United States bureau of agriculture, and was asked several questions in relation thereto. He was asked to read a designated section thereof, which he did, and then gave an answer based thereon. On motion of defendants' counsel the answer was stricken. Counsel for plaintiff then said to the witness: "You will have to repeat enough to the court and jury." The witness then said: "Well, when several cows in the herd lose their calves, and so on, it is positive, ordinarily positive evidence of the presence of contagious abortion; I would say it is positive evidence." This answer does not indicate that it was read from the pamphlet or that it was even based upon the statements that the pamphlet contained. It seems to be clear that it was based upon the doctor's own knowledge and it is not subject to the objections urged.

There is another assignment in which it is alleged that the court erred in permitting questions to be asked on cross-examination as to collateral matters not mentioned by the witness in his examination in chief. The questions were not based upon any evidence that the witness had given. But we are unable to see that the testimony was prejudicial to defendants. Giving it the fullest effect, it in no way tended to prove the plaintiff's cause of action, or to augment his damage. Its admission was not of sufficient consequence to warrant a holding that it was prejudicial.

The record as a whole shows that the issues were carefully tried; the jury was correctly instructed, and the judgment is

AFFIRMED.