BYRON L. SCOVEL ET AL., APPELLANTS, V. ROBERT L. ISHAM ET AL., APPELLEES.

FILED MARCH 6, 1925. No. 22959.

1. Pleading. The allegations of a petition and the proof thereunder must agree. *Ayers v. Wolcott*, 66 Neb. 712.

2. Fraud: EVIDENCE. Where a recovery is sought because of damages occasioned by reason of false representations as to the solvency of a third party, the evidence as to such insolvency should be with reference to the time of the alleged false representations.

3. ————. To maintain an action for damages for false representation, the plaintiff must allege and must prove what representation was made; that it was false and so known to be by the defendant charged with making it, or else was made without knowledge as a positive statement of known fact; that the plaintiff believed the representation to be true; that he relied on and acted upon it, and was thereby injured.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*George N. Foster, Thomas E. Dunbar, G. T. H. Babcock, Allen G. Fisher* and *Frederick J. Patz*, for appellants.

*E. D. Crites, F. A. Crites* and *Mitchell & Gantz*, contra.

Heard before ROSE, DAY, GOOD, THOMPSON and EVANS, JJ., REDICK and SHEPHERD, District Judges.

EVANS, J.

In this action the appellants (hereinafter called the plaintiffs) sue to recover damages because of the alleged fraudulent representation made during the negotiations out of which grew the sale of the entire capital stock of Chadron State Bank to the plaintiffs. The negotiations leading up to the contract of purchase began in June 1920, and the contract was signed on July 30, 1920. The entire con-

sideration was paid and the transfer of the stock completed about August 16, 1920. In the bills receivable of the bank was a note for $6,875 signed by William Steadman and Bertha J. Steadman, dated March 24, 1920, due 90 days after date. The damages claimed are based upon the allegation that this note was taken at its face value as a part of the assets of the bank, when it was worthless, and that, had the plaintiffs been aware of its lack of value, they would have paid that much less for the stock.

The fraudulent representations complained of are set forth in the petition as follows: "That there was also in the files of said Chadron State Bank, then and prior, a letter of credit, or financial statement made by Seneca State Bank, and procured by the defendants at the request of said plaintiffs, after the execution of said contract and memo., which letter stated in substance that said William Steadman was financially solvent, and owner of much property in Thomas and Cherry counties, in this state, and that he was able to pay said note, so soon as he should ship his cattle therein described, upon the market; that the said letter was exhibited by defendants to plaintiffs, as such file of Chadron State Bank, at its banking office, and it was also known to defendants that said Steadman and wife, Bertha J. Steadman, were then and had long prior thereto been residents of Seneca, in Thomas county, and not in Chadron, but 186 miles away from Chadron, and that plaintiffs would rely upon such letter, so exhibited to them as their basis for completing their said contract and accepting the said Steadman note at its stated face value—" and that the letter in question, which was one of the files of Chadron State Bank, was not turned over to the plaintiffs with the other papers and files of the bank.

The evidence tended to establish that there had been exhibited to the plaintiffs during the negotiations a letter written upon the letter-head of the Seneca State Bank in substance as follows:

"Dear Sir: Replying to your inquiry concerning the financial condition of William Steadman, and regarding a

note held by the Chadron State Bank, will say that I have known William Steadman for a number of years, and he is honest and reliable; and while at the present time he is short of cash, he intends to ship a large number of cattle in a short while, at which time he will be able to liquidate all his indebtedness to your bank. He is perfectly responsible in every way.

"(Signed)                       P. C. Shockley."

And that this was the letter requested by the plaintiffs, and that upon it they relied in making their purchase of stock; that the letter was not the letter of P. C. Shockley, but a forgery used to deceive the plaintiffs. The defendants made timely objections to the admission of this evidence.

The appellants also assign as error the sustaining of the objections of the defendants to questions asked of the plaintiff Rooney as to a conversation had with the defendant Tierney subsequent to August 16, 1920; the purpose of the evidence sought to be elicited being to show that at the time of the negotiations Tierney knew Steadman was insolvent. There is in the record no evidence showing that in August, 1920, Steadman was insolvent except as it may be inferred from the fact that in 1922 he was insolvent.

When the plaintiffs had rested, the defendants each separately moved the court to dismiss the case, the reasons therefor being set forth at length, but which may be summarized as, failure of the petition to state a cause of action, and that the evidence fails to sustain the allegations of the petition, which motion was sustained and the case dismissed. The motion of the defendants was in effect a demurrer to the evidence, and if there is in the record evidence to sustain the allegations of the petition the judgment of the district court should be reversed.

The misrepresentation relied upon by the plaintiffs is that the letter exhibited to them was never written by P. C. Shockley, and that it was in fact a forgery, and that, had it not been presented to them, they would not have purchased the bank stock at the price they paid, but would have

reduced the consideration by the amount of the Steadman note.

The allegation in the petition relates to and describes a letter from Seneca State Bank. The evidence relates to and describes a purported letter from P. C. Shockley. The petition alleges that the letter from the Seneca State Bank was not delivered to the plaintiffs when the other property of the Chadron State Bank was delivered to them. The evidence tends to prove that the purported letter of P. C. Shockley was a forgery, and that, while it was exhibited by the defendant Tierney to the plaintiff and bank examiner Eastman, it was not turned over to the plaintiff with the other property of the Chadron State Bank. "The allegations of a pleading and the proofs thereunder must agree." *Ayers v. Wolcott,* 66 Neb. 712; *Omaha Consolidated Vinegar Co. v. Burns,* 44 Neb. 21; *Luce v. Foster,* 42 Neb. 818; *Traver v. Shaefle,* 33 Neb. 531; *Young v. Filley,* 19 Neb. 543. And the evidence of fraud must be confined to the matters contained in the statement relied upon. *Warfield v. Clark,* 118 Ia. 69.

There is no evidence in the record establishing the insolvency of William Steadman between June 1 and August 16, 1920, unless it could be inferred from the fact that executions in quite large amounts against him were returned unsatisfied in 1922. Evidence of insolvency ought to be with reference to the time of the alleged false representations. *Luse v. Rea,* 207 S. W. (Tex. Civ. App.) 942; *Redding v. Wright,* 49 Minn. 322.

Evidence as to William Steadman's insolvency in 1921 and 1922, when coupled and connected with other facts relating to his condition in 1920, might be material under certain conditions, but establishing that William Steadman was insolvent in 1921 or in 1922, otherwise unaided, does not sustain an allegation that he was insolvent on July 30 or August 16, 1920. Steadman, the payor of the note involved, when a witness, was asked why, when the payment of the note was demanded in September, 1920, he did not pay it, and stated :"I don't remember exactly what was said

about it. I know that I was all the time trying to pay my debts. I couldn't do it then." This is in conformity with the statement in the letter as proved by the plaintiffs, "and while at the present time he is short on cash, he intends to ship a large number of cattle," etc. There was not, therefore, sufficient evidence to support the allegation of plaintiffs' petition.

Complaint is made because of the ruling of the trial court in sustaining the defendants' objections to questions, the purpose of which was to prove that the defendant Tierney in June, July, and August, 1920, knew that Steadman was insolvent. This, under the pleadings, was immaterial.

In the petition there is no allegation of any misrepresentation by the defendant Tierney as to the financial standing of William Steadman. The plaintiff Rooney, in answer to the interrogatory, "You didn't rely wholly on what Tierney told you, then?" said, "No, I did not."

To maintain an action for damages for false representation the plaintiff must allege and must prove what representation was made; that it was false and so known to be by the defendant charged with making it, or else was made without knowledge as a positive statement of known fact; that the plaintiff believed the representation to be true; that he relied on and acted upon it, and was thereby injured. *Stetson v. Riggs,* 37 Neb. 797; *Foley v. Holtry,* 43 Neb. 133, 137.

The plaintiffs failed to prove their allegation as to false representation, and failed to establish that William Steadman and Bertha J. Steadman at the time of the negotiations in June, July and August, 1920, were insolvent. Having so failed, the district court did not err in sustaining the motion to dismiss. The judgment of the district court is

AFFIRMED.