RALSTON PURINA COMPANY, APPELLANT, v. W. W. COX, APPELLEE.

3 N. W. (2d) 748

FILED MAY 8, 1942. No. 31230.

*Earl Hasselbalch* and *Cottrell Fox,* for appellant.

*Raymond P. Medlin* and *William Keeshan, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is an action on a contract, originally brought in the justice of the peace court, and from a dismissal of the plaintiff's case was appealed to the district court. The contract sued on was in the sum of $345.80, entered into July 29, 1936, and was for the sale of six and one-half tons of "Hog Fatena Meal," a product manufactured by the plaintiff as a tested, scientific hog feed. The contract contained a promissory note, to be paid on or before February 1, 1937, and provided that the meal was to be fed to 22 hogs, owned by the defendant, clear and free of all liens, and to be marketed through a commission company on or about February 1, 1937. There was an assignment for the amount of the purchase price in the contract to be deducted from the defendant's share upon the sale of the hogs as provided therein.

The amended petition in the district court, after setting forth the factual situation with reference to the contract, prayed for judgment in the sum of $72.16. Defendant's cross-petition was premised on fraud, in that the agents of the plaintiff represented to defendant that the hog food was tested scientifically, guaranteed and warranted by the plaintiff, on the basis that 300 pounds of feed would add 100 pounds of pork and no other feed would be required; that the plaintiff's agent demonstrated, through advertising and radio announcements repeating the warranty; that the defendant relied on the representation, believed it to be true, and was thereby induced to execute and deliver the contract; that the plaintiff knew the representation to be false and made the same with reckless disregard of the truth thereof, with the intent that defendant would rely and act upon it. Defendant further alleged that he had 21 head of hogs, weighing 80 pounds apiece; that the meal was intended to put 200 pounds on each hog; that it was consumed by November 15, 1936; that he demanded more of such feed but was unable to obtain it; thus he was compelled to feed 100 bushels of barley of the value of $55. After making certain deductions for the barley fed, defendant counterclaimed in the amount of $58.84 and interest. Jury was waived;

trial had to the court; plaintiff's petition was dismissed, and defendant's counterclaim denied. Motion for a new trial was overruled, and the cause was appealed to this court.

The first assignment of error is the insufficiency of the evidence to prove defendant's counterclaim. The defendant testified that he had heard of the plaintiff's product by radio advertising, wherein it was held out as a cheap, scientific food, capable of producing 100 pounds of pork to 300 pounds of feed. Pursuant to this advertising, he called on a merchant who operated a feed store at Albion, Nebraska, and who handled the plaintiff's product. The merchant represented to him that for his 21 hogs, each weighing 50 pounds, it would require six and one-half tons of the feed to put on 250 pounds of fat, and that this amount of Fatena meal would last until February 1, 1937. All dealings with the defendant were had through this merchant on or about July 29, 1936. Thirty days after signing the contract, he obtained the meal; it lasted until December 26, 1936, and he was unable to feed his hogs any longer. Two had died, and the remainder were shipped to the commission company, as provided in the contract, the result being that the sale of the hogs lacked $72.16 of paying the amount stated in the contract. During the period of waiting for the meal, he had fed a quantity of barley to his stock. The feed merchant testified that he told the defendant the food would produce poundage on the hogs in the amount fed, as testified to by the defendant; that he had literature authorizing him to so represent the Fatena meal; that he had heard the radio program which made the claim as testified to by the defendant.

The defendant's counterclaim is based on fraud. Fraud is never presumed but must be proved by a preponderance of the evidence by the person alleging it. *Foley v. Holtry*, 43 Neb. 133, 61 N. W. 120; *Giles & Son v. Horner*, 97 Neb. 162, 149 N. W. 333; *Fritsche v. Turner*, 133 Neb. 633, 276 N. W. 403; *Saffer v. Saffer*, 133 Neb. 528, 274 N. W. 479.

This brings us to an examination of the evidence, to determine whether or not the defendant has proved his counterclaim by a preponderance thereof. Defendant testified

that he was an experienced hog feeder; he fed the plaintiff's product from August to December 26, 1939; from his experience it is reasonable to believe that he would know the value of such product. He further testified: "Q. And these hogs did fine on this feed? A. They did as long as it lasted. Q. And you believe for mature hogs it would have done what they claimed? A. I believe so. Q. It was pretty good feed? A. Yes, as far as it went, the only thing I am kicking on they got all the security and I figure they have enough." Defendant further stated that he would pay the obligation.

Appearing in the record is exhibit 2, which is a response to a request for payment of the balance made on June 29, and which contains the following written statement of the defendant: "Well I received your letter as you can see and as to giving you more security nothing doing. I told Martin (a representative of the plaintiff) that if you fellows let me alone till I got the money I would pay." The rest of the statement is with reference to being sued and states that they could sue if they desired, but not to write him any more letters.

The foregoing evidence does not show, by a preponderance thereof, that the defendant relied upon any representation made by the plaintiff; nor was he induced by such representation to execute and deliver the contract. The evidence does not show that the representation was false or made with the intent, on the part of the plaintiff, to defraud the defendant and induce him to act thereon to his damage. Defendant has failed to prove his counterclaim by a preponderance of the evidence, the burden to so prove being on him.

The allegations of warranty appearing in the defendant's answer and cross-petition are wholly without merit. The general rule, as stated in 55 C. J. 688, is applicable: "In order for an express warranty to exist, there must be something positive and unequivocal concerning the thing sold, which the vendee relies upon, and which is understood by the parties, as an absolute assertion concerning the thing sold, and not the mere expression of an opinion; representa-

tions which merely express the vendor's opinion, belief, judgment, or estimate do not constitute a warranty. Dealer's talk is permissible; and puffing, or praise of the goods by the seller, is no warranty, such representations falling within the maxim *simplex commendatio non obligat.*"

We deem further discussion of assignments of error unnecessary.

For the reasons given in this opinion, the judgment is reversed, and the cause remanded, with instructions to enter judgment in favor of the plaintiff in the sum of $72.16 and interest.

REVERSED.

ROSE, J., dissenting.

In my view of the evidence and the law applicable to the facts, the judgment of the district court should be affirmed.