RAY CANTRELL AND MARION CANTRELL, A COPARTNERSHIP DOING BUSINESS UNDER THE STYLE AND NAME OF RAY CANTRELL AND SON, APPELLANTS, V. CLARIS A. OWEN, APPELLEE.

13 N. W. 2d 408

FILED MARCH 3, 1944. No. 31705.

*R. E. Harris* and *Edward E. Carr*, for appellants.

*Johnson & Johnson* and *Rosewater, Mecham, Shackelford & Stoehr*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action by plaintiffs and appellants against Claris A. Owen, defendant and appellee, originally instituted in the district court for Custer county, Nebraska, to recover damages for claimed false and fraudulent representations made by the defendant prior to and as the inducement to the sale of 60 cows by defendant to plaintiffs which sale was consummated on the 24th day of February, 1940. The cause was tried to a jury. The verdict was in favor of defendant. Following the ruling on the motion for new trial duly filed, plaintiffs have appealed.

In substance and to the extent necessary to refer to it here the petition sets forth that plaintiffs were engaged in the business of cattle breeding and raising, and desiring to increase the size of their herd called upon defendant who had breeding cows for sale and informed him of their desires and informed him that they wanted to purchase some clean cows which were free from disease; that the defendant falsely, knowingly and fraudulently represented that he had 60 cows for sale which were free from disease; that relying upon the representations of defendant plaintiffs purchased the said 60 cows for the sum of $3,800 and caused them to be removed to their ranch where they were mingled with other cattle belonging to plaintiffs; that about two weeks after the purchase of the cows it was ascertained by plaintiffs that the cows purchased were infected with Bang's

disease which was known to defendant at the time the sale was made. As results plaintiffs claim 24 calves were lost, a number of cows had to be sold for slaughter, three bulls had to be sold for slaughter, they were unable to receive cattle from others for pasture, that extra expense was entailed and extra work was required in caring for the premises and veterinary services became necessary in the care of the cattle at considerable expense to plaintiffs, for all of which, damages were claimed. There are other allegations in the petition but their purport and effect will be discussed later on in this opinion.

In the answer the defendant denied generally the allegations of the petition, denied that he made the false and fraudulent representations charged to him and denied that he had any knowledge that the cows sold were infected with Bang's disease.

On the issues thus presented the burden devolved upon plaintiffs to sustain by a preponderance of the evidence the essential elements of their cause of action. Having alleged false representations, before becoming entitled to a recovery they were required to prove the representations; that they were false and so known to be, or else were made without knowledge but as a positive statement of known fact; that the plaintiffs believed the representations to be true; that they relied and acted upon them, and were thereby injured and damaged. *Scovel v. Isham,* 113 Neb. 238, 202 N. W. 869; *Platte Valley Bank v. Lemke,* 141 Neb. 218, 3 N. W. 2d 396; *Ralston Purina Co. v. Cox,* 141 Neb. 432, 3 N. W. 2d 748.

The evidence on the question of whether defendant made the false representations charged to him was in substantial conflict, therefore that issue was one for the jury. In an action at law where minds may reasonably draw different conclusions from the evidence the question to be decided is for the jury. *Craig v. Chicago, St. P., M. & O. R. Co.,* 97 Neb. 426, 150 N. W. 374; *Hickey v. Omaha & C. B. Street Ry. Co.,* 140 Neb. 665, 1 N. W. 2d 304; *Fulcher v. Ike,* 142 Neb. 418, 6 N. W. 2d 610.

On this issue the finding was in favor of the defendant, and for this court to vacate or set it aside would be an invasion of the province of the jury.

Other assignments of error deal with the refusal to give instructions tendered by plaintiffs and the giving of instructions by the court on its own motion.

In instruction No. 9 the plaintiffs requested that the jury be instructed, among other things, that if the defendant suspected. that the cattle sold were infected with Bang's disease there was an implied warranty that they were free from the disease. In support of this proposition *Brown v. Blackwood*, 108 Neb. 288, 187 N. W. 911, is cited. The case fails to sustain the contention in this respect. In this connection it holds only that the seller of cattle for breeding purposes who knows that they are infected with a disease which is not discoverable by inspection and keeps silent is guilty of fraud and that under such circumstances the rule of *caveat emptor* does not apply.

The legislature of the state of Nebraska has enacted certain laws pertaining to Bang's disease in cattle the evident purposes of which are to eliminate the disease and to promote the production of healthy cattle in the state. By these laws regulations and restrictions are imposed upon the disposition and transportation of infected animals, and facilities calculated to aid in the eradication of the disease are provided for those desiring to avail themselves of such facilities in the eradication of the disease in their own herds. In their petition plaintiffs have alleged violations of certain of these regulations and restrictions by defendant and also of the rules imposed on him by the agreement whereby he was enabled to take advantage of these facilities, and have sought to predicate, in part, their action on violations thereof.

Assignments Nos. 3, 4 and 5 deal with failure to instruct with reference to this phase of the petition and proof, and No. 12 with failure to instruct properly in relation thereto. The regulations and rules in the light of the attitude taken need not be set forth, since the gist of the action is false

and fraudulent representation. Proof of violations of these regulations or rules would not sustain in any wise the issues made by the pleadings. It was not error to fail to instruct in relation thereto. The evidence in this connection was properly admissible, not however to prove violations as grounds of action, but because the jury had the right to consider it circumstantially in determining whether or not the defendant knew that the cattle sold were infected with Bang's disease which was an element of plaintiffs' cause of action. This disposes of assignments Nos. 3, 4 and 5.

Assignment No. 12 refers to instruction No. 16 given by the court. The instruction is merely definitive of the obligation which defendant assumed under the statute designed for the control and eradication of Bang's disease. It was unnecessary but we fail to see in it any prejudice.

Assignments Nos. 7, 8 and 9 are directed to the refusal of the court to give instructions Nos. 12, 14 and 15 tendered by plaintiffs. They are all requests for instruction on the burden devolving upon the defendant with regard to the affirmative allegations contained in the answer. The defendant charged in his answer that if the cattle purchased by plaintiffs had abortions such abortions were caused from other and different sources and causes which were chargeable to plaintiffs; that if Bang's disease existed it was caused by plaintiffs' own herd in which the disease was inherent; that if the disease spread among plaintiffs' cattle it was due to the negligent and careless manner in which plaintiffs looked after, cared for and handled said cattle.

These are affirmative allegations and assuming that they amount to the pleading of an affirmative defense the court did not err in refusing to instruct in relation to them. An examination of the bill of exceptions fails to disclose that the defendant offered or adduced any competent evidence in support thereof. The case was tried on the issues tendered by the petition and the denial thereof contained in the answer. Error cannot be predicated on the refusal of the court to instruct on matters contained in the pleadings not supported by evidence.

It is true that the court in defining the issues in the instructions set forth these affirmative allegations contained in the answer but of this plaintiffs do not complain.

Plaintiffs next complain of instruction No. 7 given by the court on its own motion. The instruction is the following:

"The first question which will claim your attention is: 'Did the defendant at or about the time he sold the 60 head of cattle to plaintiffs, for the purpose of procuring the sale, represent or warrant expressly or impliedly the said cattle to be sound and free from Bang's disease, and to be good breeding cattle.'

"The burden of proof on this proposition rests with the plaintiffs, and unless the evidence is such as to satisfy you by a preponderance of the evidence that the defendant did represent or warrant, either expressly or impliedly, said cattle to be sound, free from Bang's disease, and to be good breeding cattle, your verdict must be in favor of the defendant. It is not sufficient to warrant a verdict against the defendant that you find that said cattle were in fact diseased, but you must go further and find that the defendant represented or warranted either expressly or impliedly that the said cattle were free from disease, and were good breeding cattle."

The particular complaint is that the instruction places an undue burden on the plaintiffs. They insist that the burden was upon defendant to prove that the cattle sold were free from the disease. This contention is not supported by, but it is opposed to, legal precedent. *Scovel v. Isham, supra, Platte Valley Bank v. Lemke, supra; Ralston Purina Co. v. Cox, supra.* The contention is without merit.

Complaint is made of instruction No. 9 given by the court on its own motion. The instruction is the following:

"You are instructed that when a vendor or seller of property merely states an opinion, or merely gives his judgment on a matter on which he has no special knowledge, and upon which the buyer might also be reasonably expected to have an opinion and to exercise his own judgment, such transactions would not amount to a warranty.

"And in this case, if you believe from the evidence that defendant in selling the 60 cattle to plaintiffs merely stated his opinion or merely gave his judgment as to said cattle being free from Bang's disease, and that plaintiffs in buying the cattle exercised their own judgment as to the health of said cattle, then you are instructed that there was no warranty and plaintiffs cannot recover."

The complaint is not that the instruction is not a correct statement of law but was misleading to the jury in that it permitted the jury to believe that the defendant was only expressing an opinion when in fact the evidence showed conclusively that the plaintiffs relied upon statements made which were of fact. This contention of plaintiffs does not find support in the evidence. There was a substantial evidentiary dispute as to whether defendant made a positive representation as to the condition or simply expressed an opinion in the light of conditions, known to him. No error is found in the instruction.

Without pointing specifically to it the plaintiffs assign as error overemphasis in the instructions of express warranty, and underemphasis of implied warranty. This contention, if instruction as to warranty is called for at all by the issues as presented by the pleadings, warranty or breach thereof not having been pleaded, is without foundation. The second paragraph of instruction No. 7 given by the court places equal emphasis on express and implied warranty. The paragraph is as follows: "The burden of proof on this proposition rests with the plaintiffs, and unless the evidence is such as to satisfy you by a preponderance of the evidence that the defendant did represent or warrant, either expressly or impliedly, said cattle to be sound, free from Bang's disease, and to be good breeding cattle, your verdict must be in favor of the defendant. It is not sufficient to warrant a verdict against the defendant that you find that said cattle were in fact diseased, but you must go further and find that the defendant represented or warranted either expressly or impliedly that the said cattle were free from disease, and were good breeding cattle."

Two assignments of error are predicated on the rejection and admission of evidence. In the light of the circumstances no prejudicial error was committed in these respects.

Having found that the verdict in this case is supported by sufficient evidence and that otherwise the record is without prejudicial error it is concluded that the judgment of the district court should be and is affirmed.

AFFIRMED.

PAINE, J., dissents.

MESSMORE, J., participating on briefs.