JIM PUCKETT, APPELLEE, v. FIRST NATIONAL BANK OF ATKINSON, NEBRASKA, A CORPORATION, APPELLEE, IMPLEADED WITH LEON D. PUTNAM, APPELLANT.

162 N. W. 2d 528

Filed November 15, 1968. No. 36803.

William W. Griffin, for appellant.

Paul L. Kubitschek and Tedd C. Huston, for appellee Puckett.

Deutsch & Hagen, for appellee First Nat. Bank of Atkinson.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action to recover the balance due on an oral contract for mowing, raking, and baling hay. The de-

fendant alleged plaintiff had been overpaid and cross-petitioned for the amount of the overpayment. The action was initially commenced against the First National Bank of Atkinson, Nebraska, based upon a check issued by Leon D. Putnam dated November 28, 1964. After a series of motions, pleadings, and orders, Leon D. Putnam was made a defendant; the bank was dismissed from the case; and the action then proceeded solely against Leon D. Putnam. While the pleadings and the evidence would have justified submitting the issues of an accord and satisfaction, or an account stated, or a compromise and settlement, these issues were not submitted to the jury. The matter was submitted to the jury as an action on the oral contract, and on the answer and cross-petition of the defendant. The jury brought in a verdict for the plaintiff in the amount of $2,200 and the defendant has appealed.

The evidence of both parties confirmed that they had entered into an oral agreement on July 9, 1964, under which the plaintiff was to furnish equipment and labor, and mow, rake, and bale a large quantity of hay for the defendant. The plaintiff and his employees performed the work over a period of approximately 3 months and it was completed between October 10 and 15, 1964. The plaintiff received payments at various times which totaled $4,500 as of October 5, 1964. On November 28, 1964, some 6 weeks after the completion of the work, the defendant gave plaintiff a check for $2,200 which plaintiff accepted as full payment, but on which payment was stopped by the defendant and the check was not paid.

There is a direct conflict in the evidence as to the terms of the oral agreement. The plaintiff testified that he was to receive 18 cents per bale for the mowing, raking, and baling. The defendant testified that: "Well, it was to be ten cents per bale for mowing and raking; each bale to weigh one hundred pounds, and ten cents per bale for baling, if they weighed a hundred pounds;

or nine cents if they weighed ninety pounds; it is all written down, and it graduated on down, like sixty pound bales were to be six cents per bale and six cents for mowing and raking." This would be a graduated formula based on the weight of the bales.

The defendant testified that on November 28, 1964, he gave the plaintiff the check for $2,200 as final payment on the work done. He said the parties thought, without checking it out, that he had paid the defendant $2,000 prior to that time rather than the $4,500 actually paid, and that he had issued the $2,200 check with that in mind. He also testified that it was after November 28, 1964, when he discovered that the bales of prairie hay averaged only 30 to 40 pounds each and the alfalfa bales averaged from 40 to 45 pounds each, and that plaintiff's bale count was excessive. The defendant's cross-petition was for a claimed overpayment in the sum of $2,526.96.

The plaintiff's testimony was that he had baled 37,901 bales and that the total due at 18 cents per bale was $6,822, $4,500 of which had been received through October 5, 1964. The plaintiff also testified that on November 28, 1964, the defendant asked how much he owed and plaintiff told him $2,322.18. The defendant wanted to know what was the least amount the plaintiff would take and he said $2,200. All of this testimony came in without objection.

The defendant's only assignments of error are that the verdict is not supported by the evidence and is contrary to law. The basis for the challenge as to the sufficiency of the evidence rests on the contention that the plaintiff's own testimony on redirect examination was that "the contract was for eighteen cents, and I would give him 60 to seventy pound bales," but that the only evidence as to the weight of the bales was the defendant's evidence that the hay bales weighed only 30 to 40 pounds each and the alfalfa bales, 40 to 50 pounds each. The plaintiff denied that the oral agree-

ment provided any sliding scale of payments based on the average weight of bales produced, but testimony of the plaintiff's witnesses as to the weight of the bales was either excluded or stricken and there was no direct testimony as to their weight by any of plaintiff's witnesses.

The defendant asserts that because of this absence of specific testimony as to weight, there is no evidence to show that the oral agreement was performed in accordance with its terms. This contention assumes that the defendant's testimony as to the weight of the bales must be accepted as true, and that indirect or circumstantial evidence is insufficient to establish the plaintiff's case. It also assumes that no inferences of any kind can be drawn by the jury from the defendant's own conduct and his making the various "payments," including the check of November 28, 1964.

The defendant owned several thousand acres of ranch land and one of his employees had worked for him for more than 20 years. The work being done was ordinary common work on a ranch, with which the defendant was obviously familiar. The defendant's own testimony is that he was in the fields many times observing the work as it progressed; that he usually went out early in the morning and if it looked like the work was progressing properly, he let it go and if not he would go back; and that he went back many times. He observed the bales on these occasions. On one occasion he said he remarked to the plaintiff that the bales were light. His cattle had been in one or two fields during the baling, and ate some of the hay.

The plaintiff specifically testified that the various payments made to him by defendant were pursuant to the hay baling services and the agreement. He also testified that on November 28, 1964, at the time of the last "payment," both plaintiff and defendant made some figures and the amount due was figured at 18 cents a bale.

Under these circumstances, the jury was entitled to

find that the weight of the bales complied with the contract, or that the bales were accepted by the defendant as substantial performance of the contract, whatever its terms. The jury was not required to accept the testimony of the defendant that the bales only weighed 30 to 40 pounds simply because that was the only direct testimony as to weight. Neither was the jury required to disregard reasonable inferences or circumstantial evidence in conflict with such direct testimony.

The determination of the terms of the oral agreement and whether the plaintiff had performed all the conditions of the contract on his part were for the jury. No errors are assigned as to the instructions under which the issues were submitted to the jury. " 'Ordinarily the credibility of a witness is a question for the determination of the jury, and it is within their province to credit the whole of his testimony or any part of it which appears to them to be convincing, and reject so much of it as in their judgment is unworthy of credit.' " Kraemer v. New York Life Ins. Co., 134 Neb. 445, 278 N. W. 886.

In a law action, a verdict of a jury based on conflicting evidence will not be disturbed unless clearly wrong. Kraemer v. New York Life Ins. Co., *supra.*

For the reasons stated, the judgment of the district court was correct and is affirmed.

AFFIRMED.

CARTER, J., dissenting.

This is an action to recover the amount due on an oral contract for mowing, raking, and baling hay. According to plaintiff's evidence, "The contract was for eighteen cents, and I would give him 60 to seventy pound bales." Several witnesses testified that the bales of hay weighed from 30 to 40 pounds. This evidence was in no manner disputed by the plaintiff. It cannot be questioned that the same amount of hay would produce more 40-pound bales than 60-pound bales. In accordance with plaintiff's own evidence, the contract was

not performed in accordance with its terms.

The majority opinion relies in part on the rule that it is within the province of the jury to reject the evidence of any witness. A jury may not reject the testimony of any or all witnesses. If this was true, practically every case could be disposed of on that theory. The general rule is: "Generally a verdict rendered contrary to, or in disregard of, evidence which was not improbable or inconsistent and was not contradicted or discredited will be set aside, while a verdict rendered in accordance with uncontradicted evidence will be sustained." 66 C. J. S., New Trial, § 70c, p. 222. See, also, Parrish v. Peoples, 214 Minn. 589, 9 N. W. 2d 225. But in the instant case if the jury disbelieved all the evidence of the defendant, there still remains no evidence to sustain a finding that plaintiff complied with the terms of his contract with reference to the weight of the bales. Certainly a want of credible evidence by the defendant does not establish a necessary element of the contract on which the plaintiff sues and has the burden of proof. Plaintiff's case is no more established after defendant and his witnesses testified than it was before even if they were disbelieved.

There is evidence that defendant gave plaintiff a check which was intended as full payment of the amount due under the oral contract. It is asserted that this is evidence of a compromise and settlement, an accord and satisfaction, or an account stated. The defendant denies that any such effect was had or intended. But the majority opinion asserts that the fact a check was given to the plaintiff is enough to sustain a judgment for the amount due on the oral contract. I concede that if the evidence was sufficient to sustain the judgment on any of the three stated theories, the plaintiff, in case of an adverse verdict, would have a proper basis for a new trial. But the trial court submitted nothing to the jury other than to find the terms of the oral agreement and the amount due under it. The evidence of an account stated, an accord and satisfaction, or settlement is

foreign to the issues, especially when as fragmentary as it was here, and results in a verdict that is contrary to the instructions and therefore contrary to law.

It is fundamental that a plaintiff may not plead one cause of action and recover on another. Nor may a court submit a case on one theory and the jury return a proper verdict on another. Allegations of the petition and proof thereunder must agree. Scovel v. Isham, 113 Neb. 238, 202 N. W. 869. Many cases other than the one cited support this rule.

This action was started against the First National Bank of Atkinson on a check given the plaintiff by the defendant. Defendant Putnam, the maker of the check, was subsequently joined as a party defendant. Later the First National Bank of Atkinson was dismissed from the action by agreement of the parties. The case continued against Putnam as an action on the check. The case was submitted by the trial court solely on plaintiff's claim of an oral contract for mowing, raking, and baling hay and defendant's counterclaim for overpayment. The petition was not amended as to defendant Putnam before or after the trial, and it is clear that the verdict and judgment are not sustained by the pleadings. Since neither party raised the issue on appeal, we assume that the parties acquiesced in the manner in which the case was submitted to the jury. Bennett v. Baum, 90 Neb. 320, 133 N. W. 439; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649. I shall treat the case as did the parties. It does account, however, for some evidence of accord and satisfaction, and settlement getting into the record which is wholly incompetent on the theory on which the case was submitted by the trial court.

The trial court instructed the jury that plaintiff must establish by a preponderance of the evidence the making of an oral contract with the defendant, that he has performed all the terms of the contract, that he has made demand for the amount claimed to be due, and that there is now due the amount claimed or some amount. In the

manner submitted, evidence of an accord and satisfaction, settlement, or any other cause of action is not material and the fact that it is contained in the record does not make it so. In other words, proof of an accord and satisfaction or settlement will not sustain a verdict in an action brought solely on the contract.

It is stated by the majority opinion that the fact the defendant was in and around the work on occasion is sufficient to sustain a finding that the bales weighed 60 pounds each. There is no evidence that defendant knew or acquiesced in the baling of smaller bales at the same price as the larger ones called for in the contract. It is clear that defendant has suffered a loss of approximately $2,250 by the reduced size of the bales alone. To say that defendant must suffer this loss merely because he was in and around the place where the contract was being performed states a rule of law with which I am wholly unfamiliar. His testimony is that he knew nothing of the light weight of the bales until after the check was given.

The verdict in the instant case was for $2,200, the amount of the check. It is plain that it was not for the total amount of the oral contract if it had been fully performed. The instructions having submitted the case on the oral contract alone and defendant's claim of overpayment, the recovery on the basis of an accord and satisfaction or settlement is contrary to the instructions. It is hornbook law that a verdict that is contrary to the instructions will be set aside. This has been the law since we have been a state. Meyer v. Midland Pacific R.R. Co., 2 Neb. 319. A verdict rendered contrary to law, as contained in the instructions, will be set aside, whether the instructions were right or wrong. Standiford v. M. H. Green & Co., 54 Neb. 10, 74 N. W. 263. When a jury violates its duty to find its verdict in accordance with the law as given in the instructions of the court, the court should set aside the verdict. Olson v. Shellington, 162 Neb. 325, 75 N. W. 2d 709. A new

trial should be allowed where material uncontradicted evidence has been disregarded by the jury. Hileman v. Maxwell, 97 Neb. 14, 149 N. W. 44. "Where the record clearly discloses that material testimony has been disregarded by the jury which, if considered and given due weight, would require a different verdict than that returned, a new trial will be granted." Davis v. Security Ins. Co., 139 Neb. 730, 298 N. W. 687. In this case, a plaintiff is permitted to recover on a theory not submitted to the jury and which the defendant disputes. I submit that this is error and that the judgment should be reversed and the cause remanded, and the case subsequently retried on all issues warranted by the pleadings and the evidence.

WHITE, C. J., and NEWTON, J., join in this dissent.